THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RON and SHIRLEY GIPSON, a married couple,

Plaintiffs,

v.

MARCELLA FLEMING REED, *et al.*,

Defendants.

CASE NO. C18-0951-JCC

ORDER

This matter comes before the Court on Defendant Marcella Fleming Reed's motion for summary judgment (Dkt. No. 13) and Plaintiffs' motion to continue (Dkt. No. 19). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Defendant's motion (Dkt. No. 13) and DENIES Plaintiffs' motion (Dkt. No. 19) for the reasons explained herein.

## I.  BACKGROUND

Plaintiffs' claims arise out of a workplace investigation that Ms. Reed and her law firm, MFR Law Group PLLC ("MFR") conducted regarding Equal Employment Opportunity ("EEO") complaints filed by Ms. Reed's co-defendants. (Dkt. No. 13 at 1.) Snohomish County hired Ms. Reed to perform an independent investigation into complaints of racial discrimination, sexual harassment, and retaliation at the Denny Juvenile Justice Center. (*Id.*) Plaintiff Ron Gipson, a

Juvenile Correction Officer at the Center, was a subject of the investigation. (*Id.*) Mr. Gipson brings suit against Ms. Reed based on certain information included in MFR's final report to the County. Specifically, he objects to the inclusion of statements a County employee made to investigators regarding a supervisor's failure to address allegations of inappropriate past sexual conduct by Mr. Gipson. (Dkt. Nos. 13 at 6, 14 at 11, 18 at 6.) The report includes claims by the employee that some 13 or 14 years earlier, another co-worker had told the supervisor that she "slept" with Mr. Gipson, and that in 2004 or 2005, she told the supervisor that Mr. Gipson had been "forceful" in his sexual contact with her. (Dkt. No. 17 at 4–5, 18 at 6.) The report also stated that the investigation did not determine if the allegations were true and that the alleged incident took place more than ten years ago, occurred off-site, was not related to a work event, involved no police report or charge, and was not reported during or at work. (Dkt. Nos 14 at 11, 18 at 6.)

Plaintiffs assert the following claims against Ms. Reed based on her decision to include this information in her report to the County: (1) Invasion of Privacy or False Light Disclosure, (2) Negligent Infliction of Emotional Distress ("NIED"), (3) Defamation, (4) Loss of Consortium, (5) Fourth and Fifth Amendment violations pursuant to 42 U.S.C. section 1983, and (6) Conspiracy to Violate Civil Rights pursuant to 42 U.S.C. section 1985(3). (Dkt. No. 13 at 1.) Plaintiffs initially filed this action *pro se* in King County Superior Court on December 8, 2017. (Dkt. No. 17 at 1.) On June 14, 2018, the state court partially dismissed Plaintiffs' claims on a motion for summary judgment. (*Id.* at 2.) Snohomish County was subsequently joined as a party to the action and removed the case to federal court. (*Id.*) Ms. Reed now moves for summary judgment on all claims against her. (*Id.* at 1.)

## II. DISCUSSION

### A. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis in original) (quoting Fed. R. Civ. P. 56(e)). Summary judgment is appropriate "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249.

**B.  Analysis**

  1.  Invasion of Privacy/False Light

Plaintiffs concede that summary judgment on this cause of action is appropriate because they failed to file suit before the applicable statute of limitations expired. (Dkt. No. 17 at 2.) This cause of action is DISMISSED with prejudice.

  2.  Defamation

Plaintiffs also concede that summary judgment on this cause of action is appropriate because they failed to file suit before the applicable statute of limitations expired. (*Id.*) This cause of action is DISMISSED with prejudice.

  3.  Section 1983

In response to Ms. Reed's argument against section 1983 liability, Plaintiffs claim she is not listed as a defendant for this cause of action. (Dkt. No. 17 at 2.) If this is the case, Plaintiffs' complaint is misleading, as it asserts this cause of action against "Defendants" generally. (Dkt. No. 1-2 at 14.) However, because Plaintiffs indicate they did not intend to bring a section 1983 claim against Ms. Reed, this claim is DISMISSED as to this Defendant.

  4.  Negligent Infliction of Emotional Distress

Plaintiffs' NIED claim arises out of Ms. Reed's inclusion of information in her investigative report that Mr. Gipson feels was private and outside of the scope of the sexual

harassment and workplace discrimination investigation. (Dkt. No. 13 at 6.) Specifically, the report included information about a co-worker's statements regarding Mr. Gipson's past sexual activity with another co-worker. *See supra* section I. Plaintiffs allege that the inclusion of this information in the report caused them emotional harm. (Dkt. No. 1-2 at 11.)

To prevail on a NIED claim, a plaintiff must establish the traditional elements of a tort claim: duty, breach, proximate cause, and injury. *Snyder v. Med. Serv. Corp. of E. Wash.*, 988 P.2d 1023, 1028 (Wash. Ct. App. 1999). These elements place limits on a defendant's liability for emotional distress, which is "a fact of life." *Id*. A general duty to others arises "only with respect to those risks or hazards whose likelihood made the conduct unreasonably dangerous." *Bishop v. State*, 889 P.2d 959, 962 (Wash. Ct. App. 1995). Conduct is unreasonably dangerous when its risks outweigh its utility. *Id*.

In *Bishop v. State*, a Washington court of appeals weighed these considerations in the context of a workplace misconduct investigation. *Id*. The court found that "the utility of permitting employers to handle workplace disputes outweighs the risk of harm to employees." *Id*. On this basis, the court ruled that "absent a statutory or public policy mandate, employers do not owe employees a duty to use reasonable care to avoid inadvertent infliction of emotional distress when responding to workplace disputes." *Id*. at 963.

The same principles apply here to a contractor hired to perform an investigation into a workplace dispute.[1] The utility of allowing an independent investigator to provide an employer any potentially relevant information to assist them in handling a workplace dispute outweighs any risk of emotional distress to the employee. Thus, Ms. Reed did not owe Mr. Gipson a duty of reasonable care when including potentially relevant information in her report.

---

[1] The parties dispute whether Ms. Gipson was an independent contractor or a "functional employee" of the County. (*See* Dkt. No. 17 at 12.) The Court notes that for purposes of anti-SLAPP immunity, Plaintiffs argue Ms. Reed is an employee, which would bring the *Bishop* case directly on point here. (*Id.* at 5.) However, the Court finds it need not determine the exact nature of Ms. Reed's employment to apply the principles the state court set forth in *Bishop*.

Plaintiffs argue that *Bishop* does not apply here because there is a public policy mandate that imposes a duty of care on Ms. Reed: the Washington State Constitution's prohibition on invasion of privacy. (Dkt. No. 17 at 13) (citing Wash. Const Art. 1, § 7). Plaintiffs support this position with reference to the legal standard for common-law invasion of privacy, a claim which they have conceded should be dismissed. (*Id*. at 2, 13.) This argument is inapposite and unavailing. Plaintiffs cannot bootstrap their NIED claim with a dismissed cause of action.

The fact that invasion of privacy is generally prohibited under Washington law does not establish a duty for Ms. Reed to avoid inflicting emotional distress on Mr. Gipson by disclosing information to the County that could be considered private. The information was relevant to the workplace misconduct being investigated. The allegations involved a co-worker and were shared with investigators to support a claim that supervisors failed to address Mr. Gipson's inappropriate sexual behavior. (*See* Dkt. No. 14 at 11.) Moreover, the potential disclosure of personal information is one aspect of harm the Court has weighed in determining that the utility of a complete investigation into workplace misconduct outweighs any potential harm to employees.[2]

The Court finds that Ms. Reed had no duty to Mr. Gipson avoid inadvertently inflicting emotional harm by disclosing to the County potentially private information relevant to her investigation. Therefore, the Court GRANTS Ms. Reed summary judgment on Plaintiffs' NIED claim.

### 5. Loss of Consortium

Plaintiffs' loss of consortium claim depends on the existence of an underlying tort. *Francom v. Costco Wholesale Corp.*, 991 P.2d 1182, 1195 (Wash. Ct. App. 2000) ("there can be no claim for loss of consortium if no legal wrong has been committed against the impaired

---

[2] The Court also considered the fact that Ms. Reed was not involved in the decision to publish the report. The County decided what information was publicly released and published a version of the report with Mr. Gipson's name redacted. (Dkt. Nos. 20 at 4, 18 at 7.)

spouse"). Having dismissed all substantive tort claims against this Defendant, the Court finds it appropriate to DISMISS Plaintiff's loss of consortium claim as to Ms. Reed.

### 6. Conspiracy to Violate Civil Rights

Similarly, Plaintiffs' conspiracy claim is also dependent on the existence of an underlying cause of action. *Oregon Laborers-Employers Health & Welfare Tr. Fund v. Philip Morris Inc.*, 185 F.3d 957, 969 (9th Cir. 1999) (where "underlying claims fail, plaintiffs' civil conspiracy claim must also fail). Having dismissed all underlying tort claims against this Defendant, the Court finds it appropriate to DISMISS Plaintiff's conspiracy claim as to Ms. Reed.

### C. Plaintiff's Motion to Continue

Plaintiffs move to continue Ms. Reed's motion for summary judgment under Federal Rule of Civil Procedure 56(d) (Dkt. No. 19). They request additional time to depose Ms. Reed and County employees regarding Ms. Reed's employment relationship with the County. (*Id*. at 2.) This information is relevant only to Ms. Reed's assertion of anti-SLAPP immunity. Because the Court finds that Plaintiffs' claims fail on other grounds, this information is not essential to Plaintiffs' opposition to summary judgment. *See State of Cal., on Behalf of Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). Therefore, Plaintiffs' motion to continue (Dkt. No. 19) is DENIED.

## III. CONCLUSION

For the foregoing reasons, Defendant Marcella Flemming Reed's motion for summary judgment (Dkt. No. 13) is GRANTED. All claims against Ms. Reed are hereby DISMISSED.

DATED this 23rd day of August 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE