THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RON GIBSON and SHIRLEY GIPSON, a married couple,<br><br>                Plaintiffs,<br>    v.<br><br>MARCELLA FLEMING REED, *et al.*,<br><br>                Defendants. | CASE NO. C18-0951-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff Ron Gibson's motion to compel and request for sanctions (Dkt. No. 41). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I.     BACKGROUND

The Court has previously set forth the underlying facts of this case and will not repeat them here. (*See* Dkt. No. 27.) Defendant Snohomish County hired Marcella Fleming Reed[1] to conduct an Equal Employment Opportunity ("EEO") investigation into Defendant Karen Hastings' complaint that Plaintiff Ron Gibson sexually harassed her. (Dkt. No. 12-2 at 1.)

---

[1] Reed was named as a Defendant in the complaint. (Dkt. No. 12-2 at 1). The Court granted Reed's motion for summary judgment and dismissed all claims against her. (Dkt. No. 27.)

1 | Plaintiff Ron Gibson alleges that during the course of Reed's investigation Defendants Barbara Lucken, Dee Thayer, Cathy White, and Hastings made several false and defamatory statements about Plaintiff, and reported allegations against Plaintiff Ron Gibson that were unsubstantiated and untrue. (*Id.* at 6–7.) Plaintiff further alleges that Reed and Defendant Snohomish County knowingly incorporated those statements into Reed's final report. (*Id.*) Plaintiff asserts claims of invasion of privacy or false light disclosure, negligent infliction of emotional distress, defamation, and loss of consortium. (*Id.* at 9–11.) Plaintiff now seeks to compel communications between Snohomish County officials and Reed related to Plaintiff from 2014 to the present. (Dkt. No. 41.)

## II. DISCUSSION

### A. Legal Standards

The Court strongly disfavors discovery motions and prefers that parties resolve such disputes on their own. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If a party inappropriately withholds or fails to answer a discovery request, the requesting party may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(1); *David v. Hooker, Ltd.*, 560 F.2d 412, 418 (9th Cir. 1977). If a party fails to comply with a discovery order, the Court may also sanction that party accordingly. Fed. R. Civ. P. 37(b)(2). The Court has broad discretion to decide whether to compel disclosure of discovery. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). On a motion to compel, the movant must demonstrate that "the information it seeks is relevant and that the responding party's objections lack merit." *Hancock v. Aetna Life Ins. Co.*, 321 F.R.D. 383, 390 (W.D. Wash. 2017). An attorney the discovery request is subject to shall not, without the consent of his or her client, be examined as to any communication made by the client to him or her, or his or her advice given thereon in the course of professional employment. Wash. Rev. Code § 5.60.060.

The burden to establish privilege is on the party asserting that privilege. *See United States*

*v. Munoz*, 233 F.3d 1117, 1128 (9th Cir. 2000). The definition of attorney-client privilege is: (1) legal advice of any kind is sought; (2) from a professional legal advisor in his capacity as such; (3) the communication relating to that purpose; (4) made in confidence; (5) by the client; (6) are at his instance permanently protected; (7) from his disclosure by himself or by the legal advisor; (8) unless the objection is waived. *See Fischel v. Margolis*, 557 F.2d 209, 211 (9th Cir. 2006). The definition of "client" is not limited to internal attorneys and investigators of an organization, and therefore communications between internal attorneys and independent investigators are subject to attorney-client privilege. *United States v. Graf*, 610 F.3d 1148, 1158 (9th Cir. 2010); *see also In re Beiter Co.*, 16 F.3d 929, 937 (8th Cir. 1994.)

### B. Motion to Compel

#### 1. *Attorney-Client Privilege*

Defendants argue that communications involving Reed and members of the Snohomish County Attorney's Office are barred from discovery by attorney-client privilege. (Dkt. No. 46 at 3.) They assert that Reed is "functionally equivalent" to an employee of Defendant Snohomish County, and that she was offering legal advice to her client, Defendant Snohomish County, regarding investigations of EEO complaints in her capacity as an employee. (*Id*.) Defendants contend that, as an independent contractor, Reed was performing substantially the same work as Defendant Snohomish County's regular EEO investigator, and therefore her communications are subject to attorney-client privilege protections. *See Davis v. City of Seattle*, Case No. 06-1659-TSZ, Dkt. No. 190 at 4–7 (W.D. Wash. 2007). In *Davis*, the City of Seattle hired outside counsel to conduct an EEO investigation due to a conflict of interest with the City's in-house investigator. *Id* at 1. The court ruled that the outside counsel was the functional equivalent of an employee and subject to the same attorney-client privilege protections, because: (1) she performed the same work that would have been performed by the City's EEO manager; (2) she was directed by the EEO manager to communicate with the Seattle City Attorney's office prior to finalizing her report; (3) she was instructed to do so, and did so, for the purpose of Seattle City

Light securing legal advice from its attorneys; and (4) the subject matter of those communications was within the scope of the outside counsel's duties and treated as confidential. *Id.* at 5. The ruling in Davis was consistent with precedent from other courts regarding attorney-client privilege. *See In re Beiter Co.*, 16 F.3d at 929 (*citing Upjohn Co. v. United States*, 449 U.S. 383, 394–95 (1981)).

The present case is analogous to *Davis*. Reed was performing the type of investigations that Defendant Snohomish County's regular EEO investigator Stacy Allen would have normally handled. (Dkt. No. 46 at 2.) Reed's contract directed her to report to the Snohomish County Attorney's office regarding her findings, for the purpose of providing information and legal advice regarding her ongoing and completed EEO investigations. (*Id* at 31.) Reed's contract explicitly explained that these communications were to be treated as confidential, and that both parties understood them to be privileged. (*Id.*) Therefore, the Court FINDS that Reed was the "functional equivalent" of an employee of Defendant Snohomish County, and was engaged in offering confidential legal advice to Defendant Snohomish County. All emails sent or received by Reed regarding ongoing EEO investigations for the purpose of offering legal advice to Defendant Snohomish County are protected from disclosure under attorney-client privilege.

    2. *In Camera Review.*

Plaintiff has requested that disputed documents be submitted to the Court *ex parte* for *in camera* review. (Dkt. No. 50 at 5.) As discussed above, certain documents relating to Reed's investigation are protected under attorney-client privilege. *See supra* section II.B.1. However, some documents redacted by Defendant Snohomish County may not be subject to attorney-client privilege as defined by this order. (*Id.*) For example, documents sent between individuals working for Defendant Snohomish County who are not attorneys, or documents sent or received by Reed not in furtherance of her EEO investigations may not be subject to attorney-client privilege. If Plaintiff has a good faith belief that certain redacted documents are not covered under attorney-client privilege, Plaintiff may request that Defendant provide unredacted copies

ORDER
C18-0951-JCC
PAGE - 4

of the disputed documents to the Court *ex parte* for *in camera* review. Prior to any documents being submitted, the parties are hereby ORDERED to meet and confer regarding the disputed documents. *See* Fed. R. Civ. P. 37 and W.D. Wash. Local Civ. Rule 37(a)(1).

       *3. Privilege Log*

Plaintiff notes in his reply that Defendants' privilege log is incomplete. (Dkt. No. 50 at 4.)[2] Specifically, Plaintiff notes that several hundred pages of documents are absent from the privilege log, despite redactions to many of these documents. (*Id.*) To facilitate the full and fair resolution of the parties' discovery disputes without the need for intervention by the Court, Defendants are hereby ORDERED to produce a full and complete privilege log to Plaintiff in a timely manner.

## III.     CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel discovery and request for sanctions (Dkt. No. 41) is DENIED. As Defendant's assertion of attorney-client privilege was meritorious, Plaintiff's request for sanctions is DENIED.

DATED this 5th day of June 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that a privilege log was sent to Plaintiff on April 17, 2019, 12 days after Plaintiff filed his initial motion to compel discovery. (Dkt. No. 46 at 6.)